Matter of Shpigel v Nuryev (2025 NY Slip Op 00872)

Matter of Shpigel v Nuryev

2025 NY Slip Op 00872

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11059
 (Docket No. O-9618-20)

[*1]In the Matter of Irina Shpigel, respondent,
v
Vadim Nuryev, appellant.

Richard Cardinale, Brooklyn, NY, for appellant.
Shpigel Law P.C., Brooklyn NY (Irina Shpigel pro se of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Vadim Nuryev appeals from an order of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated November 1, 2023. The order of protection, after a hearing, and upon a finding that Vadim Nuryev committed the family offense of stalking in the fourth degree, directed him, inter alia, to stay away from the petitioner, except for court-ordered parental access, until and including October 15, 2025.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In September 2020, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against the appellant, who was her husband. Following a hearing, the Family Court found that the appellant committed the family offense of stalking in the fourth degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner, except for court-ordered parental access, until and including October 15, 2025.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Lederman v Lederman, 208 AD3d at 484 [internal quotation marks omitted]). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (id. [internal quotation marks omitted]).
Here, the Family Court's determination to credit the petitioner's testimony is supported by the record, and a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of stalking in the fourth degree (Penal Law § 120.45[1]), warranting the issuance of the order of protection (see Matter of Yurewich v Read, 209 AD3d 747, 748).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court